**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____
                                         )
AF HOLDINGS LLC,                         )          Civil Action No. 1:12-cv-01102
                          Plaintiff,     )
v.                                       )          Hon. Janet T. Neff
                                         )
MICHAEL M. PACHECO,                      )
                          Defendant.     )
_____ /

CURTIS BAKER SONNENBERG ( P63012)
Sonnenberg Law Offices, PLLC
1100 West Ottawa Street
Lansing, Michigan 48915-1730
Phone: 517-580-5260 ext.101
Fax:    517-580-5266 / eFax:  517-913-5915
Email: attorney@sonnenberglaw.com
**Attorney for Defendant**
_____/

### CORRECTED ORIGINAL ANSWER and AFFIRMATIVE DEFENSES

NOW HERE COMES Michael M. Pacheco (hereafter known as "Defendant") who,

through his undersigned attorney, hereby answers the Complaint of plaintiff AF Holdings, LLC

(hereafter known as "Plaintiff").

### NATURE OF CASE

1.       "Plaintiff files this action for copyright infringement under the United States

Copyright Act and related civil conspiracy, contributory infringement and negligence claims

under the common law to combat the willful and intentional infringement of its creative works.

Defendant Michael Pacheco ("'Defendant"') knowingly and illegally reproduced and distributed

Plaintiff's copyrighted Video by acting in concert with others via BitTorrent file sharing protocol

and , upon information and belief, continues to do the same.  In using BitTorrent, Defendant's

1

infringement action furthered the efforts of numerous others in infringing on Plaintiff's copyrighted works.  The result: exponential viral infringement.  Plaintiff seeks a permanent injunction, statutory or actual damages, award of costs and attorney's fees, and other relief to curb this behavior."

Response:  Defendant admits that Plaintiff's Complaint asserts a legal action alleging copyright infringement under the United State Copyright Act, to include allegations of civil conspiracy, contributory infringement and negligence, and further seeks relief.  Defendant denies the remaining allegations in Paragraph 1, and specifically denies that Plaintiff is entitled to any relief whatsoever.

## THE PARTIES

2.      "Plaintiff AF Holdings LLC is a limited liability company organized and existing under the laws of the Federation of Saint Kitts and Nevis.  Plaintiff is a holder of rights to various copyrighted works, and is the exclusive holder of the relevant rights with respect to the copyrighted creative work at issue in this Complaint."

Response:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and therefore generally denies those allegations, but specifically denies that Plaintiff has rights enough to entitle him to have standing and therefore to bring forth this legal action in this Court.

3.      "The copyrighted work at issue in this complaint is one of Plaintiff's adult entertainment videos, '"Sexual Obsession"' (the '"Video"')."

Response:  Defendant lacks knowledge or information sufficient to form a belief

2

as to the truth of the allegations in Paragraph 3, and therefore generally denies those allegations, but specifically admits that Plaintiff's Complaint asserts a legal action alleging copyright infringement in a work or video known as "Sexual Obsession."

4.      "Defendant is an individual who, on information and belief, is over the age of 18, resides in this District, and was the account holder of Internet Protocol ('"IP"') address 71.238.253.62 at the time of the alleged infringing activity.  An IP address is a number assigned to devices, such as computers, that are connected to the Internet.  In the course of monitoring Internet-based infringement of its copyrighted content, Plaintiff's agents observed unlawful reproduction and distribution occurring over IP address 71.238.253.62 via the BitTorrent file transfer protocol."

        Response:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and therefore generally denies those allegations, but specifically admits that he over 18 years of age and resides in this District.

## JURISDICTION AND VENUE

5.      "This Court has subject matter jurisdiction over the copyright infringement claim under 17 U.S.C. §§ 101, *et seq.*, (the Copyright Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), and 28 U.S.C. § 1338(a) (actions arising under an Act of Congress relating to copyrights).  This Court has supplemental jurisdiction over the civil conspiracy, contributory infringement and negligence claims under 28 U.S.C. § 1367(a) because they are so related to Plaintiff's copyright infringement claim, which is within this Court's original jurisdiction, that the claims form part of the same case and controversy under Article III of the United States Constitution."

        Response:  Defendant specifically admits that this Court has subject matter

3

jurisdiction in this legal action, but generally denies the remainder of the allegations in Paragraph 5.

6.      "This Court has personal jurisdiction because, upon information and belief, Defendant either resides in or committed copyright infringement in the State of Michigan."

        Response:  Defendant specifically admits that he resides in Michigan and that this Court has personal jurisdiction over him, but generally denies the remainder of the allegations in Paragraph 6.

7.      "Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because Defendant resides in this District, may be found in this District, or a substantial part of the events giving rise to the claims in this action occurred within this District."

        Response:  Defendant specifically admits that venue in this judicial District is proper, but generally denies the remainder of the allegations in Paragraph 7.

## BACKGROUND

8.      "BitTorrent is a modern file sharing method (' "protocol" ') used for distributing data via the Internet."

        Response:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and therefore denies all those allegations.

9.      "Traditional file transfer protocols involve a central server, which distributes data directly to individual users.  This method is prone to collapse when large numbers of users request data from the central server, in which case the server can become overburdened and the rate of data transmission can slow considerably or cease altogether.  In addition, the reliability of

access to the data stored on a server is largely dependent on the server's ability to continue functioning for prolonged periods of time under high resource demands."

   <u>Response</u>: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and therefore denies all those allegations.

  10. "Standard P2P protocols involve a one-to-one transfer of whole files between a single uploader and single downloader. Although standard P2P protocols solve some of the issues associated with traditional file transfer protocols, these protocols still suffer from issues as scalability. For example, when a popular file is released (e.g. an illegal copy of the latest blockbuster movie) the initial source of the file performs a one-to-one whole file transfer to a third party, who then performs similar transfers. The one-to-one whole file transfer method can significantly delay the spread of a file across the world because the initial spread is so limited."

   <u>Response</u>: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and therefore denies all those allegations.

  11. "In contrast, the BitTorrent protocol is a decentralized method of distributed data. Instead of relying on a central server to distribute data directly to individual users, the BitTorrent protocol allows individual users to distribute data among themselves. Further, the BitTorrent protocol involves breaking a single large file into many small pieces, which can be transferred much more quickly than a single large file and in turn redistributed much more quickly than a single large file. Moreover, each peer can download missing pieces of the file from multiple sources—often simultaneously—which causes transfers to be fast and reliable. After downloading a piece, a peer automatically becomes a source for the piece. This distribution method contrasts sharply with a one-to-one whole file transfer method."

   <u>Response</u>: Defendant lacks knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 11, and therefore denies all those allegations.

12.     "In BitTorrent vernacular, individual downloaders/distributors of a particular file are called peers.  The group of peers involved in downloading/distributing a particular file is called a swarm.  A server which stores a list of peers in a swarm is called a tracker.  A computer program that implements the BitTorrent protocol is called a BitTorrent client.  Each swarm is unique to a particular file."

        Response:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and therefore denies all those allegations.

13.     "The BitTorrent protocol operates as follows.  First, a user locates a small '"torrent"' file.  This file contains information about the files to be shared and about the tracker, the computer that coordinates the file distribution.  Second, the user loads the torrent file into a BitTorrent client, which automatically attempts to connect to the tracker listed in the torrent file.  Third, the tracker responds with a list of peers and the BitTorrent client connects to those peers to begin downloading data from and distributing data to the other peers in the swarm.  When the download is complete, the BitTorrent client continues distributing data to other peers in the swarm until the user manually disconnects from the swarm or the BitTorrent client otherwise does the same."

        Response:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore denies all those allegations.

14.     "The degree of anonymity provided by the BitTorrent protocol is extremely low.  Because the protocol is based on peers connecting to one another, a peer must broadcast identifying information (i.e., an IP address) before it can receive data.  Nevertheless, the actual

names of peers in a swarm are unknown, as the users are allowed to download and distribute under the cover of their IP addresses."

        <u>Response</u>:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore denies all those allegations.

15.     "The BitTorrent protocol is an extremely popular method for transferring data. The size of swarms for popular files can reach into the tens of thousands of unique peers.  A swarm will commonly have peers from many, if not every, state in the United States and several countries around the world.  And every peer in the swarm participates in distributing the file to dozens, hundreds, or even thousands of other peers."

        <u>Response</u>:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and therefore denies all those allegations.

16.     "The BitTorrent protocol is also an extremely popular method for unlawfully copying, reproducing, and distributing files in violation of the copyright laws of the United States.  A broad range of copyrighted albums, audiovisual files, photographs, software, and other forms of media are available for illegal reproduction and distribution via the BitTorrent protocol."

        <u>Response</u>:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and therefore denies all those allegations.

17.     "Efforts at combating BitTorrent-based copyright infringement have been stymied by BitTorrent's decentralized nature.  Because there are no central servers to enjoin from unlawfully distributing copyrighted content, there is no primary target on which to focus anti-piracy efforts.  Indeed, the same decentralization that makes the BitTorrent protocol an extremely robust and efficient means of transferring enormous quantities of data also acts to

insulate it from anti-piracy measures.  This lawsuit is Plaintiff's only practical means of combating BitTorrent-based infringement of the Video."

 Response:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore denies all those allegations.

## ALLEGATIONS COMMON TO ALL COUNTS

 18. "Plaintiff is the exclusive rights holder with respect to BitTorrent-based reproduction and distribution of the Video."

 Response:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and therefore denies all these allegations.

 19. "The Video is currently registered in the United States Copyright Office (Copyright No. PA0001725120).  (*See* Exhibit A to Complaint.)  On June 12, 2011, Plaintiff received the rights to this Video pursuant to an assignment agreement, a true and correct copy of that agreement is attached hereto as Exhibit B.  (*See* Exhibit B to Complaint.)"

 Response:  Defendant admits that Plaintiff is claiming Exhibit A to the Complaint to be a record of copyright registration for the work at issue herein, and that Exhibit B is claimed to be an assignment agreement involving Plaintiff.  However, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 19, and therefore denies those allegations.

 20. "The torrent file used to access the copyrighted material was named in a manner that would have provided an ordinary individual with notice that the Video was protected by the copyright laws of the United States."

 Response:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and therefore denies all those allegations.

21.     "Plaintiff employs proprietary peer-to-peer network forensic software to perform exhaustive real time monitoring of the BitTorrent-based swarm involved in distributing the Video.  This software is effective in capturing data about the activity of peers in a swarm and their infringing conduct."

        Response:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and therefore denies all those allegations.

22.     "Defendant, using IP address 71.238.253.62, without Plaintiff's authorization or license, intentionally downloaded a torrent file particular to Plaintiff's Video, purposefully loaded that torrent file into his BitTorrent client, entered a BitTorrent swarm particular to Plaintiff's Video, and reproduced and distributed the Video to numerous third parties."

        Response:  Defendant generally denies the allegations in Paragraph 22, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning IP address 71.238.253.62 as being his or associated with him or used by him or any implication to the same, and therefore specifically denies that allegation in Paragraph 22.

23.     "Plaintiff's investigators detected Defendant's illegal download on April 9, 2011 at 8:05:08 UTC.  However, this is a [a] simply a snapshot observation of when the IP address was *observed* in the BitTorrent swarm; the conduct itself took place before and after this date and time."

        Response:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and therefore denies all those allegations.

24.     "Defendant was part of a group of BitTorrent users or peers in a single swarm—a process generally described above—whose computers were collectively interconnected for the sharing of a particular unique file.  The particular file a BitTorrent swarm is associated with has a

unique file '"hash"'—i.e., a unique file identifier generated by an algorithm (hereinafter '"Hash

Tag."')—and common to all of the participants in the swarm."

     <u>Response</u>:  Defendant specifically denies the allegations in the first sentence of

Paragraph 24.  As to the remainder of the allegations in Paragraph 24, Defendant lacks

knowledge or information sufficient to form a belief as to the truth of those allegations, and

therefore generally denies all those allegations.

### COUNT I – COPYRIGHT INFRINGEMENT – REPRODUCTION
### (17 U.S.C. § 106(1))

    25.    "Plaintiff hereby incorporates by reference each and every allegation contained in

the preceding paragraphs as if fully set forth fully herein"

     <u>Response</u>:  Defendant incorporates by reference all of his responses, as given

above, in direct response to the allegations in Paragraph 25.

    26.    "Plaintiff is the copyright owner of the Video."

     <u>Response</u>:  The allegations in Paragraph 26 call for legal conclusions, and as

Defendant lacks sufficient knowledge or expertise to respond to such legal conclusions,

Defendant therefore denies all those allegations.

    27.    "Defendant, without authorization, unlawfully obtained a copy of the Video."

     <u>Response</u>:  Defendant denies the allegations in Paragraph 27.

    28.    "Normally, Plaintiff offers the Video for purchase.  Defendant, however, did not

purchase the Video and/or obtain the Video legally."

     <u>Response</u>:  Defendant lacks knowledge or information sufficient to form a belief

as to the truth of the allegations in first sentence of Paragraph 28, and therefore generally denies

those allegations.  However, Defendant generally admits the allegations in the second sentence

of Paragraph 28, but specifically denies ever having obtained the Video legally or illegally or in any such way, shape or form.

29.     "Defendant used IP address 71.238.253.62 to access the Video on the Internet, and download the unique file containing the Video onto a hard drive through the unique swarm associated with the unique Hash Tag using the BitTorrent protocol."

        Response:  Defendant generally denies the allegations in Paragraph 29, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning IP address 71.238.253.62 as being his or associated with him or used by him or any implication to the same, and therefore specifically denies that allegation in Paragraph 29.

30.     "Defendant's actions constituted copyright infringement of Plaintiff's Video."

        Response:  The allegations in Paragraph 30 call for legal conclusions, and as Defendant lacks sufficient knowledge or expertise to respond to such legal conclusions, Defendant therefore denies all those allegations.

31.     "Defendant knew or had constructive knowledge that his acts constituted copyright infringement of Plaintiff's Video."

        Response:  The allegations in Paragraph 31 call for legal conclusions, and as Defendant lacks sufficient knowledge or expertise to respond to such legal conclusions, Defendant therefore generally denies all those allegations, but specifically denies committing any illegal act with or without knowledge of the consequences as alleged in Paragraph 31.

32.     "Defendant's conduct was willful within the meaning of the Copyright Act: intentional, and with indifference to the Plaintiff's rights."

        Response:  The allegations in Paragraph 32 call for legal conclusions, and as

Defendant lacks sufficient knowledge or expertise to respond to such legal conclusions,

Defendant therefore denies all those allegations.

33.     "Defendant's conduct infringed upon Plaintiff's exclusive rights of reproduction

of the Video that are protected under the Copyright Act."

        Response:  The allegations in Paragraph 33 call for legal conclusions, and as

Defendant lacks sufficient knowledge or expertise to respond to such legal conclusions,

Defendant therefore denies all those allegations.

34.     "Plaintiff has been damaged by Defendant's conduct, including but not limited to

economic and reputation losses.  Plaintiff continues to be damaged by such conduct, and has no

adequate remedy at law to compensate the Plaintiff for all of the possible damages stemming

from the Defendant's conduct."

        Response:  The allegations in Paragraph 34 call for legal conclusions, and as

Defendant lacks sufficient knowledge or expertise to respond to such legal conclusions,

Defendant therefore denies all those allegations.

35.     "As Defendant's infringement was intentional and willful, the Plaintiff is entitled

 to an award of actual damages and/or statutory damages (pursuant to 17 U.S.C. § 504(c)) at its

own election, exemplary damages, attorneys' fees (pursuant to 17 U.S.C. § 505), injunctive relief

(pursuant to 17 U.S.C. §§ 502, 503) and the costs of the suit."

        Response:  The allegations in Paragraph 35 call for legal conclusions, and as

Defendant lacks sufficient knowledge or expertise to respond to such legal conclusions,

Defendant therefore denies all those allegations.

## COUNT II – COPYRIGHT INFRINGEMENT – DISTRIBUTION
### (17 .S.C. § 106(1))

36.     "Plaintiff hereby incorporates by reference each and every allegation contained in

the preceding paragraphs as if set forth fully herein."

    <u>Response</u>:  Defendant incorporates by reference all of his responses, as given

above, in direct response to the allegations in Paragraph 36.

  37.  "Plaintiff holds the exclusive rights under the Copyright Act to distribute the

Video."

    <u>Response</u>:  The allegations in Paragraph 37 call for legal conclusions, and as

Defendant lacks sufficient knowledge or expertise to respond to such legal conclusions,

Defendant therefore denies all those allegations.

  38.  "Defendant has used, and continues to use, the BitTorrent file transfer protocol to

unlawfully distribute the Video to other individuals over the Internet by publishing the Video to

hundreds of thousands of BitTorrent users from a computer owned or controlled by Defendant,

which, in essence, served as a distribution server for the Video.  In doing so, Defendant violated

Plaintiff's exclusive rights to distribute the Video."

    <u>Response</u>:  Defendant denies the all allegations in the first sentence of Paragraph

38.  The remaining allegations in the second sentence of Paragraph 38 call for legal conclusions,

and as Defendant lacks sufficient knowledge or expertise to respond to such legal conclusions,

Defendant therefore denies all those allegations.

  39.  "Defendant was not given any permission to conduct such reproduction, and

Plaintiff never consented to such."

    <u>Response</u>:  Defendant lacks knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 39, and therefore denies all those allegations.

  40.  "Defendant's actions constitute infringement of Plaintiff's copyrights and

exclusive rights under the Copyright Act."

<u>Response</u>: The allegations in Paragraph 40 call for legal conclusions, and as Defendant lacks sufficient knowledge or expertise to respond to such legal conclusions, Defendant therefore denies all those allegations.

41. "Defendant knew or had constructive knowledge that his acts constituted copyright infringement of Plaintiff's Video."

<u>Response</u>: Defendant denies the allegations in Paragraph 41.

42. "Defendant's conduct was willful within the meaning to the Copyright Act:[,] intentional, and with indifference to the Plaintiff's rights."

<u>Response</u>: The allegations in Paragraph 42 call for legal conclusions, and as Defendant lacks sufficient knowledge or expertise to respond to such legal conclusions, Defendant therefore denies all those allegations.

43. "Plaintiff has been damaged by Defendant's conduct, including but not limited to economic and reputation losses. Plaintiff continues to be damaged by such conduct, and has no adequate remedy at law to compensate the Plaintiff for all of the possible damages stemming from the Defendant's conduct."

<u>Response</u>: The allegations in Paragraph 43 call for legal conclusions, and as Defendant lacks sufficient knowledge or expertise to respond to such legal conclusions, Defendant therefore denies all those allegations.

44. "As Defendant's infringement was intentional and willful, the Plaintiff is entitled to an award of actual damages and/or statutory damages (pursuant to 17 U.S.C. § 504(c)) at its own election, exemplary damages, attorneys' fees (pursuant to 17 U.S.C. § 505), injunctive relief (pursuant to 17 U.S.C. §§ 502, 503) and the costs of the suit."

<u>Response</u>: The allegations in Paragraph 44 call for legal conclusions, and as

Defendant lacks sufficient knowledge or expertise to respond to such legal conclusions, Defendant therefore denies all those allegations.

### COUNT III – CONTRIBUTORY INFRINGEMENT

45.　"Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein."

　　　Response:  Defendant incorporates by reference all of his responses, as given above, in direct response to the allegations in Paragraph 45.

46.　"When users in this unique swarm all possess the same infringing work with the same exact hash value, it is because each infringer possesses an exact digital copy, containing the exact bits and pieces unique to that specific file of Plaintiff's original copyrighted work.  They [The] only way this happens in a BitTorrent swarm is through the sharing of these bits and pieces of each same unique file, with the same unique hash value, between the users in the swarm.  In essence, although hundreds of users may be uploading the copyrighted work, a single user will receive only the exact parts of a singular upload through that exact swarm, not a compilation of available pieces from various uploads."

　　　Response:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46, and therefore denies all those allegations.

47.　"Defendant published the Hash Tag to the BitTorrent network."

　　　Response:  Defendant denies the allegations in Paragraph 47.

48.　"Defendant downloaded, uploaded and distributed the Video to the other BitTorrent users through use of the hash-specified protocol in the unique swarm."

　　　Response:  Defendant denies the allegations in Paragraph 48.

49.　"As each of the thousands of people who illegally downloaded the movie

accessed this illegal publication, they derived portions of their illegal replication of the file from multiple persons, including, but not limited to, Defendant."

       Response:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49, and therefore generally denies all those allegations, and specifically denies that he participated in any way so alleged in Paragraph 49.

50.    "Defendant knew of the infringement, was conscious of his own infringement, and Defendant was fully conscious [conscious] that his actions resulted in multiple other persons derivatively downloading the file containing Plaintiff's Video."

       Response:  Defendant denies the allegations in Paragraph 50.

51.    "The infringement by the other BitTorrent users could not have occurred without Defendant's participation in uploading Plaintiff's copyrighted works.  As such, Defendant's participation in the infringing activities of others is substantial and continued, for profit, to the infringing activity of thousands of other peers over the Internet across the world."

       Response:  The allegations in Paragraph 51 call for legal conclusions, and as Defendant lacks sufficient knowledge or expertise to respond to such legal conclusions, Defendant therefore denies all those allegations.

52.    "Defendant profited from this contributory infringement by way of being granted access to a greater library of other infringing works, some of which belonged to Plaintiff and some of which belonged to other copyright owners."

       Response:  Defendant denies the allegations in Paragraph 52.

## COUNT IV – CIVIL CONSPIRACY

53.    "Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein."

Response:  Defendant incorporates by reference all of his responses, as given above, in direct response to the allegations in Paragraph 53.

54.    "In using the peer-to-peer BitTorrent file distribution method, Defendant engaged in a concerted action with other unnamed individuals to reproduce and distribute Plaintiff's Video by exchanging pieces of the Video file in the torrent swarm."

Response:  Defendant denies the allegations in Paragraph 54.

55.    "Defendant and his co-conspirators downloaded a torrent file, opened it using a BitTorrent client, and then entered a torrent swarm comprised of other individuals distributing and reproducing Plaintiff's Video.  In participating in said conspiratorial network, Defendant agreed with others to engage in a concerted tortuous action in the network to reproduce and distribute Plaintiff's Video."

Response:  Defendant generally denies the allegations in Paragraph 55. Specifically, where in the second sentence the allegations in Paragraph 55 call for legal conclusions, as Defendant lacks sufficient knowledge or expertise to respond to such legal conclusions, Defendant therefore denies all those allegations.

56.    "Participants in the torrent swarm have conspired to provide other individuals with pieces of the Video in exchange for receiving other pieces of the same Video to eventually obtain a complete copy of the file."

Response:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56, and therefore denies all those allegations.

57.    "In furtherance of this civil conspiracy, Defendant committed overt tortuous and unlawful acts by using BitTorrent software to download the Video from and distribute it to others, and were [was a] willful participants [participant] in this joint activity."

Response:  Defendant denies the allegations in Paragraph 57.

58.    "As a proximate result of this conspiracy, Plaintiff has been damaged, as is more fully alleged above."

Response:  Generally, the allegations in Paragraph 58 call for legal conclusions, and as Defendant lacks sufficient knowledge or expertise to respond to such legal conclusions, Defendant therefore denies all those allegations.  As to any remaining allegations in Paragraph 58, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore specifically denies those allegations.  In so much as any allegation in Paragraph 58 infers Defendant's involvement in any alleged activities, Defendant denies any and all involvement with any of the acts alleged in or inferred from Paragraph 58.

## COUNT V – NEGLIGENCE

59.    "Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein."

Response:  Defendant incorporates by reference all of his responses, as given above, in direct response to the allegations in Paragraph 59.

60.    "In the alternative, Defendant was negligent and/or reckless in allowing a third-party to commit the allegations of infringement, contributory infringement, and civil conspiracy described above through his Internet connection."

Response:  The allegations in Paragraph 60 call for legal conclusions, and as Defendant lacks sufficient knowledge or expertise to respond to respond to such legal conclusions, Defendant therefore denies all the allegations in Paragraph 60.

61.    "Defendant accessed, or controlled access to, the Internet connection used in

performing the unauthorized copying and sharing of Plaintiff's Video, proximately causing financial harm to Plaintiff."

      <u>Response</u>: Generally, the allegations in Paragraph 61 call for legal conclusions, and as Defendant lacks sufficient knowledge or expertise to respond to such legal conclusion, Defendant therefore denies the allegations in Paragraph 61. As to any remaining allegations in Paragraph 61 concerning internet connections or control thereof, Defendant lacks knowledge or information sufficient to form a belief as to the truth of any such allegation, and therefore specifically denies those allegations.

      62.    "Defendant had a duty to secure his Internet connection. Defendant breached that duty by failing to secure his Internet connection."

      <u>Response</u>: Generally, the allegations in Paragraph 62 call for legal conclusions, and as Defendant lacks sufficient knowledge or expertise to respond to such legal conclusions, Defendant therefore denies the allegations in Paragraph 62. But Defendant specifically denies any allegations that he participated in or was complicit in any illegal activities so alleged in Paragraph 62.

      63.    "Reasonable Internet users take steps to secure their Internet access accounts preventing the use of such accounts for an illegal purpose. Defendant's failure to secure his Internet access account, thereby allowing for its illegal use, constitutes a breach of the ordinary care that a reasonable Internet account holder would do under like circumstances."

      <u>Response</u>: The allegations in Paragraph 63 call for legal conclusions, and as Defendant lacks sufficient knowledge or expertise to respond to such legal conclusions, Defendant therefore denies the allegations in Paragraph 63.

      64.    "In the alternative, Defendant secured his connection, but knowingly permitted an

unknown third party to use his Internet connections to infringe on Plaintiff's Video.  Defendant

knew, or should have known, that this unidentified individual used Defendant's Internet

connection for the afor[e]mentioned illegal activities.  Defendant declined to monitor the

unidentified third-party infringer's use of his computer Internet connection, demonstrating

further negligence."

        Response:  The allegations in sentences two and three of Paragraph 64 call for

legal conclusions, and as Defendant lacks sufficient knowledge or expertise to respond to such

legal conclusions, Defendant therefore denies those allegations in Paragraph 64.  As to any and

all remaining allegations, Defendant lacks knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 64, and therefore generally denies all those

allegations.  But Defendant specifically denies any allegations that he participated in or was

complicit in any illegal activities so alleged in Paragraph 64.

      65.    "In the alternative, Defendant knew of, and allowed for, the unidentified third

party infringer's use of his Internet connection for illegal purposes and thus was complicit in the

unidentified third party's actions."

        Response:  Defendant lacks knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 65, and therefore generally denies all those

allegations.  But Defendant specifically denies those allegations that he participated in or was

complicit in any illegal activities so alleged in Paragraph 65.

      66.    "Upon information and belief, Defendant's failure to secure his Internet access

account directly allowed for the copying and sharing of Plaintiff's Video over the BitTorrent

protocol through Defendant's Internet connection, and interfered with Plaintiff's exclusive rights

in the copyrighted work."

Response:  Generally, the allegations in Paragraph 66 call for legal conclusions, and as Defendant lacks sufficient knowledge or expertise to respond to such legal conclusions, Defendant therefore denies the allegations in Paragraph 66.  As to any and all remaining allegations in Paragraph 66, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66, such as that concerning the status of any internet access account or internet connection, and therefore specifically denies those allegations. Furthermore, Defendant specifically denies any allegations that he participated in or was complicit in any illegal activities so alleged in Paragraph 66.

67.     "Upon information and belief, Defendant knew or should have known[,] of, the unidentified third party's infringing actions, and, despite this, Defendant directly, or indirectly, allowed for the copying and sharing of Plaintiff's Video over the BitTorrent protocol through Defendant's Internet connection, and interfered with Plaintiff's exclusive rights in the copyrighted Video."

Response:  Generally, the allegations in Paragraph 67 call for legal conclusions, and as Defendant lacks sufficient knowledge or expertise to respond to such legal conclusions, Defendant therefore denies the allegations in Paragraph 67.  As for any and all remaining allegations in Paragraph 67, Defendant lacks knowledge or information to form a belief as to the truth of the allegations in Paragraph 67 concerning the activities of any unidentified third-party or of the status of or activity over any internet connection, and therefore specifically denies those allegations.  Furthermore, Defendant specifically denies any allegations that he participated in or was complicit in any illegal activities so alleged in Paragraph 67.

68.     "By virtue of his unsecured access, Defendant negligently allowed the use of his

Internet access account to perform the above-described copying and sharing of Plaintiff's copyrighted Video."

   <u>Response</u>: Generally, the allegations in Paragraph 68 call for legal conclusions, and as Defendant lacks sufficient knowledge or expertise to respond to such legal conclusions, Defendant therefore denies the allegations in Paragraph 68. As for any and all remaining allegations in Paragraph 68, Defendant lacks knowledge or information to form a belief as to the truth of the allegations in Paragraph 68 concerning any unsecured access or internet access account or the status or activity thereof, and therefore specifically denies those allegations.

   69. "Had Defendant taken reasonable care in securing access to this Internet connection, or monitoring the unidentified third-party individual's use of his Internet connection, such infringements as those described above would not have occurred by the use of Defendant's Internet access account."

   <u>Response</u>: Generally, the allegations in Paragraph 69 call for legal conclusions, and as Defendant lacks sufficient knowledge or expertise to respond to such legal conclusions, Defendant therefore denies the allegations in Paragraph 69. As for any and all remaining allegations in Paragraph 69, Defendant lacks knowledge or information to form a belief as to the truth of the allegations in Paragraph 69 concerning the concept of reasonable care as it pertains to internet connections and concerning any internet connection or internet access account or the status or activity thereof or any unidentified third-party and his/her activities or involvement thereof, and therefore specifically denies those allegations.

   70. "Defendant's negligent actions allowed numerous others to unlawfully copy and share Plaintiff's copyrighted Video, proximately causing financial harm to Plaintiff and unlawfully interfering with Plaintiff's exclusive rights in the Video."

Response:  The allegations in Paragraph 70 call for legal conclusions, and as Defendant lacks sufficient knowledge or expertise to respond to such legal conclusions, Defendant therefore denies the allegations in Paragraph 70.  To the extent that any remaining allegations imply wrongful doing on Defendant's part and a response is necessary, Defendant denies any such allegation in Paragraph 70,

## JURY DEMAND

71.  "Plaintiff hereby demands a jury trial in this case."

Response:  Defendant admits the allegations in Paragraph 71.

## PRAYER FOR RELIEF

1)  "Judgment against Defendant that he has:  a) willfully infringed Plaintiff's rights in federally registered copyrights pursuant to 17 U.S.C. § 501; and  b) otherwise injured the business reputation and business of Plaintiff by Defendant's acts and conduct set forth in this Complaint;"

Response:  Defendant denies that Plaintiff is entitled to any relief whatsoever in its Prayer for Relief and Request for Judgment in Paragraph 1), and asks this honorable Court to instead find for Defendant and to dismiss all Plaintiff claims with prejudice.

2)  "Judgment in favor of the Plaintiff against Defendant for actual damages or statutory damages pursuant to 17 U.S.C. § 504, at the election of Plaintiff, in an amount to be ascertained at trial;"

Response:  Defendant denies that Plaintiff is entitled to any relief whatsoever in

its Prayer for Relief and Request for Judgment in Paragraph 2), and asks this honorable Court to instead find for Defendant and to dismiss all Plaintiff claims with prejudice.

3)      "Order of impoundment under 17 U.S.C. §§ 503 & 509(a) impounding all infringing copies of Plaintiff's audiovisual works, photographs or other materials, which are in Defendant's possession or under his control;"

        Response:  Defendant denies that Plaintiff is entitled to any relief whatsoever in its Prayer for Relief and Request for Judgment in Paragraph 3).

4)      "As to Count III, that the Court order the Defendant jointly and severally liable to Plaintiff in the full amount of the Judgment along with the damages associated with the infringing activities of his co-conspirators;"

        Response:  Defendant denies that Plaintiff is entitled to any relief whatsoever in its Prayer for Relief and Request for Judgment in Paragraph 4).

5)      "As to Count IV, an order that Defendant is liable to the Plaintiff in the full amount of Judgment on the basis of a common law claim for contributory infringement of copyrights; for an award of compensatory damages in favor of the Plaintiff and against Defendant in an amount to be determined at trial;"

        Response:  Defendant denies that Plaintiff is entitled to any relief whatsoever in its Prayer for Relief and Request for Judgment in Paragraph 5).

6)      "On Count IV[Defendant believes that Plaintiff means 'Count V' and not 'IV'], in that alternative, an order that Defendant is jointly and severally liable to the Plaintiff in the full amount of Judgment on the basis of Defendant's negligence in allowing an unidentified third party access [to] his Internet account and, through it, violate Plaintiff's copyrighted works; for an

award of compensatory damages in favor of the Plaintiff and against Defendant, jointly and severally, in an amount to be determined at trial;"

        <u>Response</u>:  Defendant denies that Plaintiff is entitled to any relief whatsoever in its Prayer for Relief and Request for Judgment in Paragraph 6).  Furthermore, Defendant believes that Plaintiff intends for Paragraph 6) to apply to Count V, and not Count IV as his Complaint reads, but in either or both Counts Defendant denies that relief and judgment in Defendant's favor are warranted.

       7)     "Judgment in favor of Plaintiff [and] against the Defendant awarding the Plaintiff attorneys' fees, litigation expenses (including fees and costs of expert witnesses), and other costs of this action; and"

        <u>Response</u>:  Defendant denies that Plaintiff is entitled to any relief whatsoever in its Prayer for Relief and Request for Judgment in Paragraph 7), and asks that this honorable Court instead find for Defendant and award him attorney fees, litigation expenses and costs.

       8)     "Judgment in favor of the Plaintiff [and] against the Defendant, awarding Plaintiff declaratory and injunctive or other equitable relief as may be just and warranted under the circumstances."

        <u>Response</u>:  Defendant denies that Plaintiff is entitled to any relief whatsoever in its Prayer for Relief and Request for Judgment in Paragraph 8), and asks that this honorable Court instead find for Defendant and award him equitable relief as deemed appropriate and dismiss all Plaintiff claims with prejudice.

## AFFIRMATIVE DEFENSES

DEFENDANT HEREBY asserts his Affirmative Defenses as follows:

### First Affirmative Defense

1.      Plaintiff's Complaint **fails to state a claim upon which relief may be granted** against Defendant.

### Second Affirmative Defenses

2.      Plaintiff is barred by from raising issues previously adjudicated per **res judicata**. On July 13th, 2011 Plaintiff filed a civil action against 1,140 John Does in the U.S. District Court for the District of Columbia, <u>AF Holdings, LLC v. Does 1-1140,</u> civil case no.11-cv-01274-RBW, making the same or similar allegations of copyright infringement as contained herein. The action was voluntarily dismissed by Plaintiff on February 29th, 2012 after Plaintiff had successfully, through discovery, garnered named account-holders of IP addresses alleged to have participated in copyright infringement.  The outgrowth of the aforementioned John Doe action are multiple individual actions, the subject civil action herein with this Court being one of them.

### Third Affirmative Defense

3.      Plaintiff is barred by the **doctrine of collateral estoppel** from litigating claims that Plaintiff has already litigated.

### Fourth Affirmative Defense

4.      Plaintiff has **failed to join an indispensable party/ties**, wherein those alleged co-conspirators referred to in this subject civil action are indispensable parties per Rule 12(b)(7) and Rule 19 of the Federal Rules of Civil Procedure.  Therefore Plaintiff's Complaint should be dismissed with prejudice in favor of Defendant.

**Fifth Affirmative Defense**

5.      Plaintiff **lacks standing** to bring this current civil action as Plaintiff appears not to be the party holding the copyright (see Plaintiff's Exhibit A) or having been assignee in the Copyright Assignment Agreement (see Plaintiff's Exhibit B).  Heartbreak Films appears in Exhibit A, while the Assignee signatory block in Exhibit B clearly shows AF Films, LLC and not Plaintiff.  As well, the Copyright Assignment Agreement was signed on June 12th, 2011, whereas this civil action against Defendant claims the act in question took place on April 9th, 2011, before the assignment, with the Assignment Agreement not having included any language to allow for the Assignee to acquire the rights to any past copyright infringement or similar occurrence, alleged, proven or otherwise.

**Sixth Affirmative Defense**

6.      As the Copyright Assignment Agreement appears to be invalid due to discrepancies in authorized entity signature/s and a lack of proper language inclusions to allow for the assigning of rights to or interest in past infringements, as alleged by Plaintiff herein, this honorable court's **subject matter jurisdiction is also lacking**.

**Seventh Affirmative Defense**

7.      It follows that Plaintiff's claims with respect to copyright infringement are barred by the **doctrine of misuse of copyright**.

**Eighth Affirmative Defense**

8.      Plaintiff's claims are barred by the **doctrine of estoppels**.  Plaintiffs actions, or lack thereof, encouraged the alleged illegal activity purported by Plaintiff's Complaint to be copyright infringement by continuing to make the stated copyrighted material available through alleged illicit means.  This defense is in no way an admission of copyright infringement by

Defendant, to which he claims complete innocence, but only an assertion of an affirmative defense.

### Ninth Affirmative Defense

9.    Plaintiff asserts to have suffered damages yet has **failed to mitigate damages**.

### Tenth Affirmative Defenses

10.    Plaintiff's claims are barred, in whole or part, per the **doctrine of waiver**.

### Eleventh Affirmative Defense

11.    Defendant has **not participated in or contributed to any copyright infringement** as Plaintiff's Complaint alleges.

### Twelfth Affirmative Defense

12.    Defendant has **not conspired to commit copyright infringement** as Plaintiff's Complaint alleges.

### Thirteenth Affirmative Defense

13.    All of Defendant's actions, as Plaintiff's Complaint is concerned with, constitute **innocent intent** and not copyright infringement.

### Fourteenth Affirmative Defense

14.    All of Defendant's actions, as Plaintiff's Complaint is concerned with, constitute **no willful infringement** upon any rights that Plaintiff legitimately holds.

### Fifteenth Affirmative Defense

15.    Plaintiff is **barred from any statutory damages, cost and/or attorney's fees** as Plaintiff was not the rightful copyright holder of the material in question at the time the alleged copyright infringement is said to have occurred.  Plaintiff is barred per 17 U.S.C. § 504.

## <u>Sixteenth Affirmative Defense</u>

16.     Defendant **reserves the right to supplement and/or amend his answer**, as contained herein, any such supplement to and/or amended answer **which may include more defenses** as more facts become known throughout the course of this ongoing legal process.


Respectfully submitted,

MICHAEL M. PACHECO

DATED: <u>February 18th, 2013</u>

By:     <u>/s/ Curtis Baker Sonnenberg</u>
CURTIS BAKER SONNENBERG (P63012)
Sonnenberg Law Offices, PLLC
1100 West Ottawa Street
Lansing, Michigan 48915-1730
Phone: 517-580-5260 ext.101
Fax:     517-580-5266 / eFax 517-913-5915
Email: attorney@sonnenberglaw.com
**Attorney for Defendant**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 18th, 2013, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to those indicated as non-registered participants.

/s/ Curtis Baker Sonnenberg_____
Curtis Baker Sonnenberg